**LA LEGAL LAW, PC**
LALEH ENSAFI, ESQ. (SBN 268917)
5121 Van Nuys Blvd., Suite 203A
Sherman Oaks, CA 91403
Tel: 888.503.2123    Fax 888.503.3123
Email: lensafi@lalegallawfirm.com

ATTORNEY FOR PLAINTIFF WENFANG XU

UNITED STATES FEDERAL COURT

IN AND FOR THE CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES COURTHOUSE

| | |
|---|---|
| WENFANG XU<br><br>      Plaintiff,<br><br>v.<br><br>FLAGSTAR BANK, FSB; AURORA FINANCIAL GROUP, INC.; LOANCARE, LLC; and DOES 1 through 10 inclusive,<br><br>      Defendants. | CASE NO. **2:19-cv-08710-JAK-AGR**<br><br>**PLAINTIFFS' MOTION TO REMAND PURSUANT TO 28 U.S.C. § 1447(a)**<br><br>*Assigned to the Hon. John A. Kronstadt*<br><br>Date: June 8, 2020<br>Time: 8:30 a.m.<br>Courtroom: 10B |

**I.     Introduction and Background**

Plaintiff Wenfang Xu filed a complaint in the Los Angeles County Superior Court, on October 7, 2019, alleging five counts of violations of California Civil and Business Professions Codes governing the debt collection, handling, transfer and servicing and of Plaintiff's mortgage loan by Defendants FLAGSTAR BANK, FSB, AURORA FINANCIAL GROUP, INC., and LOANCARE, LLC (Collectively "Defendants"), such violations which led to foreclosure proceedings against Plaintiffs' real property.

The Plaintiff lives in Los Angeles County and the real property that is the subject of this matter is located in the city of Arcadia, County of Los Angeles. The summonses were issued on October 7, 2019 and were available on October 7, 2019.

On October 9, 2019, Before Defendants were properly served, Defendants FLAGSTAR BANK, FSB and LOANCARE, LLC moved the case to this Court under 28 U.S.C. § 1441, on the basis of federal jurisdiction. Service has not yet been confirmed for Defendant AURORA FINANCIA GROUP, INC. as of the date of this motion.

For the reasons set forth herein, this matter should be remanded to Superior Court for the State of California.

II.     Argument

Under 28 U.S.C. 1441, a Defendant may remove a case from State court to Federal court if the Federal court has original jurisdiction over the case ascertained by the face of the Plaintiffs' complaint. Before Defendants were served on October 15, 2019, Plaintiff amended her complaint to remove the cause of action alleging violation of the Federal Debt Collection Practices Act ("FDCPA") and added a cause of action alleging negligence. Plaintiffs' First Amended Complaint was filed with this Court on October 22, 2019.

Under 28 U.S.C. 1446(b)(1), The notice of removal of a civil action or proceeding shall be filed within 30 days <u>after the receipt by the defendant, through service or otherwise,</u> of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Although a "courtesy copy" of the conformed summons and complaint was emailed to the Defendants' Trustee, Barrett Daffinn Frappier Treder and Weiss, LLP, on October 7, 2019, such receipt does not constitute proper service, particularly since Barrett Daffin Frappier Treder and Weiss, LLP is not a named Defendant in this matter.

Receipt of a copy of the complaint without formal service cannot commence the 30-day removal period and that only proper service on the defendant would commence the 30-day period The historic function and practical importance of service of process – a "bedrock principle" that is "fundamental to any procedural imposition on a named defendant."

Because service of some sort is required before a court may assert jurisdiction over a defendant, the removal clock should not be able to run *before* a defendant is properly served. See *Murphy Brothers, Inc, v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448, 1999 U.S.

Additionally, Defendant AURORA FINANCIAL GROUP, INC. has not yet been served *Id.* Under 28 U.S.C. 1446 (b)(2)(A), When a civil action is removed solely under section 1441, <u>all defendants who have been properly joined and served</u> must join in or consent to the removal of the action.

Lastly, there is no longer any Federal cause of action in the First Amended Complaint. Thus, the proper venue would be in the Superior Court for the State of California.

### III.     Conclusion

As removal was improper, the case must now be remanded to State court. Accordingly, Plaintiff requests that this matter be remanded to the Superior Court for the State of California, Los Angeles.

Dated: October 25, 2019

LA LEGAL LAW, PC

_____
Laleh Ensafi, Esq., Attorney for Plaintiff
WENFANG XU